IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS BRYANT,

                                                    OPINION AND ORDER

               Plaintiff,

                                                    12-cv-593-bbc

STATE OF WISCONSIN DEPARTMENT
OF HEALTH SERVICES,

               Involuntary Plaintiff,

     v.

STRYKER CORPORATION and
STRYKER SALES CORPORATION,

               Defendants,

GROUP HEALTH COOPERATIVE OF EAU CLAIRE,

               Subrogated Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Thomas Bryant is suing defendants Stryker Corporation and Stryker Sales Corporation for injuries he says he suffered as a result of a "pain pump" manufactured and sold by defendants Stryker Corporation and Stryker Sales Corporation.  His complaint includes five counts against the Stryker defendants: (1) negligence; (2) misrepresentation; (3) strict liability; (4) breach of implied warranty; and (5) punitive damages.  The Stryker defendants have filed a motion to dismiss the counts for misrepresentation, breach of implied warranty and punitive damages.

1

A threshold question is whether this court has subject matter jurisdiction over the case. Although none of the parties raise this issue, I have an independent obligation to insure that jurisdiction is present. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005).

The two Stryker defendants removed the case from state court, citing 28 U.S.C. § 1332 as a basis for jurisdiction. (No party argues that removal was improper because "subrogated defendant" Group Health Cooperative did not join the notice of removal, so I do not consider that question. Pettitt v. Boeing Co., 606 F.3d 340, 342-43 (7th Cir. 2010) (procedural defects in removal may be waived).) Section 1332 requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy greater than $75,000.

The amount in controversy requirement seems to be met in this case. Although plaintiff does not seek a specified amount of damages, he says that the Stryker defendants' conduct has caused him severe pain and loss of use of his right shoulder and arm, required additional surgeries and will continue to cause pain and require additional surgeries in the future. That is sufficient to show a good faith basis for believing that plaintiff could recover more than $75,000, which is all that is required. Miller v. Herman, 600 F.3d 726, 730 (7th Cir. 2010); Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC, 589 F.3d 881, 886 (7th Cir. 2009).

With respect to diversity, the Stryker defendants allege in their notice of removal that Michigan is their state of incorporation as well as their principal place of business and that plaintiff is a citizen of Wisconsin. So far so good. However, the analysis is complicated by

the presence of "involuntary plaintiff" State of Wisconsin Department of Health Services and "subrogated defendant" Group Health Cooperative of Eau Claire. The Stryker defendants assume that Group Health is a citizen of Wisconsin, but they argue that Group Health should be classified as a plaintiff for the purpose of determining diversity jurisdiction. They ignore the Department of Health Services in their notice of removal.

I agree with the Stryker defendants that Group Health should be realigned as a plaintiff. In his complaint, plaintiff says that he named Group Health because it "may have paid some or all of the medical expenses incurred by Plaintiff Bryant as a result of the incident which is the subject matter of this action, and therefore, may have a subrogated right to some or all of the proceeds of this action." Generally, the fundamental question regarding proper alignment is whether that party's interests are adverse to the plaintiff's. American Motorists Insurance Co. v. Trane Co., 657 F.2d 146, 151 (7th Cir. 1981); Estate of Pickard ex rel. Pickard v. Wisconsin Central Ltd., 300 F. Supp. 2d 776 (W.D. Wis. 2002). In this case, the only reason plaintiff named Group Health is that it may be entitled to reimbursement in the event that plaintiff obtains damages from the Stryker defendants. This means that it is in Group Health's interests for plaintiff to prevail on his claims. Under these circumstances, it makes sense to put plaintiff and Group Health on the same side. E.g., Paulson v. Wisconsin Central, Ltd. No. 11-cv-303-bbc, slip op. at 3 (W.D. Wis. Jul. 19, 2011) (insurance company subrogated to plaintiff's rights against defendant properly aligned as plaintiff); Frahm v. Marshfield Clinic, 2007 WL 3287841, *2 (W.D.Wis. Nov. 7, 2007) (realigning insurance company as plaintiff because its "only interest in this lawsuit is in

3

recovering money it has already paid to plaintiff; it may be entitled to do so if plaintiff is successful in her claims against defendants"). See also In re Novak, 932 F.2d 1397, 1408 (11th Cir. 1991) ("[I]nsurers generally have litigation interests aligned with their insured's interests: the insurer either must indemnify its insured (the defendant) or has subrogation rights to any judgment secured by its insured (the plaintiff).").

However, concluding that Group Health should be realigned as a plaintiff does not resolve the question whether Group Health's presence destroys diversity because the parties have not adduced any evidence or even made any allegations regarding Group Health's citizenship. Although it may be unlikely that Group Health is a citizen of Michigan, I cannot exercise jurisdiction simply because of an assumption made by the Stryker defendants that Group Health is a Wisconsin citizen.

The presence of the Department of Health Services poses a more significant jurisdictional problem, one that the parties may be unable to cure. The Stryker defendants seem to assume in their notice of removal that the department is a citizen of Wisconsin and that it is properly aligned as a plaintiff because plaintiff Bryant alleges in his complaint that the department is another entity that has paid his medical expenses. (Plaintiff does not explain why he named the department as an involuntary plaintiff but Group Health as a defendant, even though they have similar interests in the lawsuit.) The Stryker defendants' second assumption is sound for the reasons discussed above, but the first assumption is not.

State agencies are not necessarily citizens of the state that they serve. Rather, if they are arms of the state, they do not have citizenship under § 1332 and, therefore, are not

4

within the reach of the diversity statute. Indiana Port Commission v. Bethlehem Steel Corp., 702 F.2d 107, 109 (7th Cir.1983); Adden v. Middlebrooks, 688 F.2d 1147, 1150 (7th Cir. 1982). In other words, if a state or arm of the state is a party to the lawsuit, a federal court cannot exercise jurisdiction under § 1332, regardless of the citizenship of the other parties. Esberner v. Darnell, 2010 WL 1981049 (W.D. Wis. 2010), raised this same question: whether the Wisconsin Department of Health Services was an arm of the state for the purpose of determining its citizenship under § 1332. I concluded that it was and remanded the case to state court for lack of jurisdiction.

This case seems to be indistinguishable from Esberner, suggesting that remand is appropriate. However, because the parties have not yet addressed this issue, I will give them an opportunity to do so before deciding whether to remand the case.

ORDER

IT IS ORDERED that defendants Stryker Corporation and Stryker Sales Corporation or any other party who wants this case to proceed in federal court may have until November 26, 2012, to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. Any party who wishes to respond may have until December 3, 2012, to do so. If no party responds to this order by November 26, I will remand the case

to state court.

     Entered this 16th day of November, 2012.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge